## INTERSTATE COMMERCE COMMISSION v. WAGNER.

### Civ. No. 1411.

United States District Court
M. D. Tennessee, Nashville Division.

May 1, 1953.

110

Dick L. Johnson, U. S. Atty., Nashville, Tenn. and Gerald E. Jessup, Attorney for the Interstate Commerce Commission, Atlanta, Ga., for plaintiff.

K. Harlan Dodson, Jr., Nashville, Tenn. and George Yost, Springfield, Tenn., for defendant.

DAVIES, District Judge.

The above entitled cause was heard before the Court on December 17, 1953.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact

1. Defendant resides and has his principal place of business at Springfield, in the Middle District of Tennessee, Nashville Division.

2. At the times mentioned in the complaint, the defendant was and now is engaged in the transportation of scoured wool (not carbonized), wool shoddy and garnetted wool by motor vehicle over public highways in interstate commerce, for compensation; for the Springfield Woolen Mills Company, Inc., of Springfield, Tennessee.

3. Defendant's contentions that he purchased the items transported and resold them to the Springfield Woolen Mills upon delivery for the purchase price plus an amount representing or equal to the hauling charge are not borne out by the evidence. At the trial, defendant stipulated that the shipments listed in the complaint were transported for compensation without having been purchased and testified that the latter practice was abandoned some time ago and that he is now hauling entirely by contract for the Springfield Woolen Mills.

4. At the time the defendant performed the aforesaid transportation there was not in force and effect and there is not now in force and effect with respect to said defendant a certificate of public convenience and necessity or a permit or any other authority issued by the Interstate Commerce Commission authorizing the defendant to engage in the transportation business.

5. Defendant has taken the position that the said scoured wool is an agricultural commodity within the provisions of Section 203(b) (6) of the Interstate Commerce Act, 49 U.S.C.A. § 303(b) (6), which exempts from the requirements of Part II of the Interstate Commerce Act (except as to those with respect to qualifications and maximum hours of service of employees and safety of operation or standards of equipment) motor vehicles engaged in the transportation of "agricultural commodities (not including manufactured products thereof), if such motor vehicles are not used in carrying any other property, or passengers, for compensation".

Plaintiff contends that scoured wool is not an agricultural commodity within the above-quoted exemption provision of Section 203(b) (6) of the said Act.

6. The scouring of wool is the method for removing from raw wool the grease and water soluble impurities. Wool that has no more than 15 per cent grease con-

tent can be used without scouring, but some wool has a grease content of 35 to 40 per cent which requires scouring before use. Scouring is accomplished by washing raw wool through a series of four or five vats or scouring bowls filled with water. Usually the initial vat or vats of water contain a chemical detergent (or sometimes soda ash and soap) which removes the grease and water soluble impurities and the latter vats contain a fresh water rinse. As the wool passes from one vat to the next it passes through mechanical rollers which expel the liquid. After being washed, the wool is then dried.

The scouring process does not change the form of the raw wool.

7. Garnetted wool and wool shoddy are products reclaimed from previously manufactured wool cloth.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of the complaint pursuant to the provisions of Section 222(b) of Part II of the Interstate Commerce Act, Title 49 U.S.C.A. § 322(b).

2. Scoured wool which has been processed as above described is not a manufactured commodity and comes within the designation of "agricultural commodities (not including manufactured products thereof)" as contemplated by the terms and provisions of Section 203(b) (6) of the Interstate Commerce Act, 49 U.S.C.A. § 303(b) (6). Defendant, therefore, is not required to have a certificate of public convenience and necessity, permit, or any other authority from the Interstate Commerce Commission to transport scoured wool by motor vehicle in interstate commerce, for compensation, and the plaintiff's demand for judgment to enjoin and restrain defendant from so transporting scoured wool should be denied.

3. Garnetted wool and wool shoddy have been put through manufacturing processes and clearly are not classed as "agricultural commodities." The defendant in transporting such commodities by motor vehicle over public highways in interstate commerce, for compensation, as set forth in Exhibit "A" attached to the complaint herein, was operating in violation of Sections 206(a) and 209(a) of the Interstate Commerce Act, 49 U.S.C.A. § 306(a) and § 309(a), and the plaintiff is entitled to an injunction to restrain the defendant from continuing such violations.

Judgment accordingly.